08-1171-cv
MacKinnon v. City of New York HRA

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19th day of September, two thousand eleven.

PRESENT:
> Dennis Jacobs,
>> *Chief Judge,*
> Roger J. Miner,
> Robert A. Katzmann,
>> *Circuit Judges.*

_____

John A. MacKinnon,

    *Plaintiff-Appellant,*

        v.                                    08-1171-cv

City of New York Human Resources Administration,

    *Defendant-Appellee.*

_____


FOR APPELLANT:        John A. MacKinnon, *pro se*, Lackawaxen, PA.


FOR APPELLEE:        Leonard Koener and Pamela Seider Dolgow, New York, NY, *for* Michael A. Cardozo, Corporation Counsel of the City of New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Daniels, *J.*).

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant John A. MacKinnon, proceeding *pro se*, appeals from a judgment entered March 7, 2008, in the Southern District of New York, dismissing his complaint brought pursuant to the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. § 621-34. We assume the parties' familiarity with the underlying facts and the issues presented on appeal.

We review de novo a district court's grant of summary judgment. Aulicino v. N.Y.C. Dep't of Homeless Servs., 580 F.3d 73, 79–80 (2d Cir. 2009). At bottom, MacKinnon seeks to avoid summary judgment based on one of two arguments: (1) that his employer's decision to reduce his overtime hours explicitly was motivated by concern over his age, meriting application of the mixed-motive Price Waterhouse framework, see Price Waterhouse v. Hopkins, 490 U.S. 228, 244–45 (1989); or (2) that the circumstances of his reduction in overtime occurred under circumstances giving rise to an inference of discrimination because he was singled out for treatment. The factual record supports neither contention.[1]

McKinnon's employer, the City of New York Human Resources Administration, reduced his hours for two reasons: because he appeared on a list of New York City's top fifty overtime

---

[1] The mixed-motive Price Waterhouse framework does not apply to cases brought under the ADEA. Gross v. FBL Fin. Servs., Inc., 129 S. Ct. 2343, 2352–53 (2009). Rather, in such cases, a plaintiff "must prove, by a preponderance of the evidence, that age was the 'but-for' cause of the challenged adverse employment action." Id. at 2352. The factual record here does not support any contention that might be made under Gross either.

earners (a politically unpopular distinction), and because he had become eligible for retirement and his pension benefits would be based on his compensation for his last twelve months of work. An employment decision motivated by pension costs, even when strongly correlated with age, is not an ADEA violation. See Hazen Paper v. Biggins, 507 U.S. 604, 611 (1993) ("When the employer's decision is wholly motivated by factors other than age, the problem of inaccurate and stigmatizing stereotypes disappears. This is true even if the motivating factor is correlated with age, as pension status typically is." (emphasis omitted)).

Nor did the court below err by finding that the circumstances of MacKinnon's reduction in overtime did not occur in circumstances giving rise to an inference of discrimination. MacKinnon very well may be correct that only he and Alan Troy, his fellow manager of the same age, were forced to reduce their overtime. But he has not identified the ages of other employees who were not required to reduce their overtime, whether any of those employees were within twelve months of retirement eligibility, and whether any had appeared on the same list of top fifty overtime earners in which MacKinnon and Troy had appeared. Thus, MacKinnon has not given a reasonable fact finder any basis on which to conclude that his treatment was related to his age.

We have considered MacKinnon's other arguments on appeal and have found them to be without merit. For the foregoing reasons, the judgment of the district court is hereby

**AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk